James McClenahan, Appellant, *v.* The Mayor, Aldermen and Commonalty of the City of New York et al.; Respondents.

The department of docks of the city of New York leased to plaintiff for a term of years the right to collect wharfage at a pier in said city. The department was to make such repairs as it deemed necessary prior to the commencement of the term, "or as soon thereafter as practicable," the premises to be taken, however, in the condition they were at the commencement of the term; and it was agreed that no claim should be received or considered by the department "for loss of wharfage or otherwise * * * consequent upon the premises being occupied for repairing or dredging purposes." The department occupied and had possession of the pier in making repairs for about six weeks after the commencement of the term. In an action wherein plaintiff sought to be allowed for rent paid in advance for the period the pier was thus occupied, *held,* that as no provision was made for the suspension of rent while repairs were being made, plaintiff was not entitled to any deduction.

The lease provided that if the department desired during the term to occupy for its own use all or any part of the premises, or should conclude to change the bulk-head line, it could do so, and plaintiff, on being served with a written demand, would vacate the whole premises or the portion demanded. In case of a temporary occupation of a portion or the whole by the lessor as so authorized, it was agreed that a reasonable deduction should be made in the rent. *Held,* that these provisions had no reference to an occupation for repairs.

(Argued March 10, 1886; decided March 26, 1886.)

Appeal from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 28, 1884, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term:

This action was brought among other things to compel the defendants to allow a rebate on rent, under the following state of facts:

At an auction sale made by the department of docks in the city of New York plaintiff bid off the right to collect wharfage at a pier on the Hudson river in said city for a period of three years, from May 1, 1881, at an annual rental of $4,500. The sale was made under and pursuant to certain terms and conditions of sale, among which were the following:

" The department will make, either prior to the commencement of the term of lease in each case, or as soon thereafter as practicable, such repairs to any of the above-named premises, in the judgment of the commissioners needing them, as they may consider necessary to place the premises in suitable condition for service during the terms for which leases are to be sold (except that no repairs will be made to any of the above-named premises where it shall be announced by the auctioneer at the time of the sale that they will not be repaired by the department), but all the premises must be taken in the condition in which they may be on the date of commencement of said terms, respectively, and no claim that the property is not in suitable condition at the commencement of the lease will be allowed by the department, and all repairs and rebuilding required and necessary to any of the premises during its terms of lease are to be done at the expense and cost of the lessee.

\* \* \* \* \* \*

" No claim will be received or considered by the department for loss of wharfage or otherwise consequent upon any delay in doing the work of repairing or dredging, or consequent upon the premises being occupied for repairing or dredging purposes."

\* \* \* \* \* \*

Plaintiff signed a memorandum of the purchase as follows :

"New York, *March* 22, 1881.

"The undersigned having purchased, at public sale held this date, the right to collect wharfage at pier at West Fortieth street, N. R., for an annual rental of $4,500, during the period for which said right was then sold, subject to all the terms and conditions set forth in the published notice for said sale :

"It is hereby agreed that the necessary lease for the said right at the above-named premises, the printed form for which has been duly examined, will be executed as soon as notice shall be given that it is prepared and ready for signature; and it is further understood and agreed that, until the said lease shall be executed, all the terms, conditions and covenants contained therein shall be held to be as binding and of the same effect as though the lease was signed and completed."

The lease referred to in said memorandum contained the following provisions :

"*And* the said part   of the second part do   further covenant and agree that if, at any time during the said term of   years, the said parties of the first part shall decide to occupy for their own use all or any portion of the herein granted premises, or shall conclude to extend or project or change the present bulk-head line in accordance with the provisions of law now existing, either municipal or State, or which may, at any time hereafter during the continuance of said term, be enacted, then and in such case the said part   of the second part, upon being served with a notice in writing describing the premises or portion thereof which the parties of the first part have so decided to occupy, or setting forth the extent of the damage decided upon and demanding the vacating of all or any portion of the premises hereby granted, shall and will vacate the said granted premises, or the portion thereof so demanded, without delay, and the part   of the second part shall not claim, nor shall the parties of the first part be liable to pay any damages on account of such surrender and vacation of the said premises or any portion thereof, nor on account of any structures and improvements that may have been erected by the part   of the second part.

" *And* it is further mutually covenanted and agreed that if at any time during the said term of       years the parties of the first part shall decide to alter or extend all or any portion of the hereby granted premises, they shall have the right to enter upon said premises and to make such alteration or extension.

   \*       \*       \*       \*       \*       \*

" *And* the said parties hereby covenant and agree that the said parties of the first part shall and may, in accordance with the covenants and stipulations herein contained, declare this grant terminated and brought to an end, subject, however, to the following condition, that should the said parties of the first part require the said premises or any part thereof, in accordance with any provision herein contained, the said part   of the second part shall not be subject to the payment of the rent herein agreed to be paid after the day whereon the possession of the premises shall have been surrendered; and in case only a portion of the said granted premises shall be required, or only a temporary possession of a portion of the whole of the said herein granted premises shall be required by the said parties of the first part, in accordance with the agreements herein contained, then and in such case the said parties of the first part shall make a reasonable deduction from the rent herein agreed to be paid for such temporary taking and occupying of any part or the whole of the said granted premises as herein provided." No lease was in fact executed. Plaintiff paid a quarter's rent in advance. The pier was occupied by the city for about six weeks in making repairs; plaintiff claimed the right to deduct the amount of rent for the time of such occupation from rent subsequently accruing. .

*E. More* for appellant.

*D. J. Dean* for respondents. The plaintiff, in order to excuse himself from the payment of rent, must show an eviction, or that he was legally entitled to quit the possession and has done so in an unqualified manner, else he is bound by his covenant to pay such rent. (*MacKellar* v. *Sigler*, 47 How. 20 ; *Lounsberry*

v. *Snyder*, 31 N. Y. 516.)  Trespass does not bar a claim for rent.  (*Edgerton* v. *Page*, 20 N. Y. 281 ; *Campbell* v. *Shields*, 11 How. 565 ; *Ogilvie* v. *Hull*, 5 Hill, 52 ; *Lawrence* v. *French*, 25 Wend. 445.)  Alterations by a landlord, pursuant to a provision authorizing them, is not an eviction.  (*Mathews* v. *Mayborg*, 4 Hun, 78 ; affirmed, 63 N. Y. 686.)  It is no defense to the claim for rent that the defendant had not full enjoyment of the premises in consequence of his own contract with the lessor.  (*McKinney* v. *Holt*, 8 Hun, 336 ; *Vanderpoel* v. *Smith*, 4 Abb. Ct. App. 461 ; affirming 1 Daly, 311.)  Interruption by a landlord with his tenant's possession, without an eviction, does not suspend the rent either in whole or in part.  (*Campbell* v. *Shields*, 11 How. 565 ; *Giles* v. *Comstock*, 4 N. Y. 270 ; *Healey* v. *McManus*, 23 How. 238.)  Plaintiff is, therefore, bound by the covenants and conditions expressed in the writings in evidence and cannot prevail in the action unless his contention is sustained by such covenants.  (*N. Y. & N. H. Steamboat Co.* v. *Mayor, etc.*, 78 N. Y. 1 ; *Wilson* v. *Deen*, 74 id. 531 ; *Riley* v. *Brooklyn*, 46 id. 444.)  Money voluntarily paid to one who asserts a right to it when there is no mistake or misrepresentation of fact, cannot be recovered back. (*Sprague* v. *Birdsall*, 2 Cow. 419 ; *Mut. L. Ins. Co.* v. *Wager*, 27 Barb. 354 ; *Clark* v. *Dutcher*, 9 Cow. 674 ; *Onondaga* v. *Briggs*, 2 Denio, 26.)

MILLER, J.  The plaintiff had a right to collect wharfage for three years on the payment of rent quarterly in advance in accordance with the terms of sale and the agreement entered into upon such sale.  The plaintiff agreed not to make any claim consequent upon the premises being occupied for the repairing purposes provided for in the terms of sale.  By the memorandum signed at the time, the plaintiff agreed to be bound by the terms and conditions of the published notice of sale.  Among these terms was the provision for making repairs prior to the commencement of the term of the lease, or as soon thereafter as practical, but such premises, however, were to be taken in the condition in which they might be at the

commencement of the term for which they were leased, and no claim was to be allowed that such premises were not in a suitable condition, and it was expressly provided that no claim for loss of wharfage or otherwise, should be made consequent upon the premises being occupied for repairing or dredging purposes.

The repairs were made under this provision.

This agreement would seem to be conclusive upon the plaintiff's right to relief in this action.

The appellant states that he makes no claim for the loss of wharfage or otherwise, but claims that where the landlord takes exclusive possession of the demised premises he cannot have rent for such time, and he relies upon the clause in the lease by which it is provided that in case the defendant shall take temporary possession of a portion or the whole for its purposes, it shall make a reasonable reduction of the rent.

The provisions in the lease for the taking of the premises by the dock department are, *First*, that if the dock department during the term decides to occupy, for its own use, all, or any part of the premises, or shall conclude to change the bulkhead line, then upon being served with a written demand, the lessee will vacate the whole premises or the portion demanded, and, *second*, the dock department has the right to enter the premises to make alterations or extensions of the same.

Neither of these provisions bring the case considered within the covenant for the deduction of the rent.

The occupation of the dock department for the purpose of repairs was not a taking for its own use, nor for a change of the bulk-head, nor for an alteration or extension of the premises within the provisions cited. The provision which relates to the deduction of the rent is intended for a case where possession is taken by the arbitrary exercise of the power reserved by the dock department to resume the possession of the premises for its own purposes. Such a possession was not taken, and all that was done was to enter for repairs under the agreement made by plaintiff in accepting the terms and conditions of sale, and for the benefit of the plaintiff and of the property. No provision being made in the lease for the sus-

Statement of case.

pension of rent while repairs were being made in accordance with the terms of the lease, the rule undoubtedly is that the tenant can have no deduction for the same during that period. Giving a reasonable construction to the agreement between the parties, the conclusion is irresistible that the plaintiff has no legal right to a deduction from the rent and cannot maintain this action.

The judgment should be affirmed.

All concur.

Judgment affirmed.